*613 The opinion of the court was delivered by
Watkins, J.
The defendant’s appeal is taken from sundry judgments pronounced against him in the Recorder’s Court for sundry violations of Oity Ordinance No. 4145, O. S., which is known as the private market ordinance. It provides that no private market shall be established “within a walking distance of six blocks of any public market,” and the only question for us to determine is whether defendant’s private market, which is established at the corner of Liberty and Erato streets, is within the prohibited distance of Dryades market.
This and similar questions have been recently examined and decided by us.
In State vs. Barthe, 41 An. 46, we had under consideration and interpreted Oity Ordinance No. 4798, A. S., founded on Act No. 100 of 1878, which prohibited private markets “within a radius of six squares of any public market,” and we held its true meaning and import to be “a distance of six squares over which customers would be able to walk from one market to another.” In reaching that conclusion reference was made to the provisions of Act 116 of 1888, on which city ordinance now under review is founded, and the identical language of which is employed. It was referred to, not as controlling that case, but as illustrating the theory entertained by the court, and to exhibit a possible difference there might be between it and the one announced in State vs. Berard, 40 An. 172.
The Barthe case was closely followed by that of State vs. Schmidt, 41 An. 27, in which we treated of Ordinance 4798, A. S., again, and held that the various charges against the defendant must fail, because his market was not within six walking squares of St. Mary’s market, counted the nearest way.”
The Berard case states: “ It is further apparent that when the Legislature used the language stated it meant what was generally understood by the word square. 40 An. 174. (Italics ours.)
Thus we have it effectually proved by these opinions that the word “square ” in the former ordinance and law meant what was generally understood by that term; and that the word “block" in the latter ordinance and law means just the same thing. In other words “square” and “block” are, strictly speaking, convertible terms.
To the transcript is appended a sketch made of the locus in quo by *614 ■the draughtsman in the Oity Surveyor’s office, plainly showing that defendant’s private market is within the prohibited distance, counting the squares or blocks or by making the. estimate by feet. Other testimony fully confirms the correctness of the sketch.
Judgment affirmed.